# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 507 | **DATE** | February 27, 2008 |
| **CASE TITLE** | Hoke Larry Turner, III # R59192 v. Fix | | |

**DOCKET ENTRY TEXT:**

    Plaintiff's motion for leave to file in forma pauperis [3] is granted. The complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, terminating case. Any other pending motions are denied as moot. The trust fund officer at plaintiff's current place of incarceration is ordered to make deductions from plaintiff's account and payments to the clerk of court as stated herein. A copy of this order shall be sent to the trust fund officer at Pinckneyville Correctional Center. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    The court finds that plaintiff Hoke Larry Turner is unable to prepay the filing fee. It thus grants plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $14.40 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where plaintiff is confined is directed to collect monthly payments from plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Fiscal Dept., and shall clearly identify plaintiff's name and the case number assigned to this action.

    In this case, plaintiff sued a Lake County judge, an assistant state's attorney, an investigator, a correctional officer and a detective, all of whom he alleges were involved in enforcing a warrant to photograph his groin area in a criminal case. The warrant was later quashed, but was not quashed at the time of the incident at issue in this case. Plaintiff seeks disciplinary action and money damages against the defendants. Under 28 U.S.C. § 1915A, the court is directed to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

(continued)

| | Courtroom Deputy Initials: | ste |
|---|---|---|

**STATEMENT**

It is well settled that judges are not liable for judicial acts unless they acted in clear absence of all jurisdiction. *Ryan v. County of DuPage,* 1994 WL 24313 (N.D.Il. 1994), *citing Stump v. Sparkman,* 435 U.S. 349, 356-67 (1978). Therefore, absolute judicial immunity is granted to judges acting within the scope of their official duties, even if a judge acts maliciously or in excess of authority. *DeBoer v. Martin,* 537 F. Supp. 1159, 1162( N.D. Il. 1982). An act is judicial if it is one normally performed by a judge. *John v. Barron*, 897 F. 2d 1387, 1391 (7th Cir. 1990). The acts plaintiff complains of – issuing a warrant to photograph his groin area— was related to judicial rulings in his criminal matter in state court. Therefore, defendant Judge Valerie Cechowski is absolutely immune from suit and plaintiff's claims regarding her are dismissed.

Similarly, an Illinois assistant state's attorney enjoys absolute immunity when performing a quasi-judicial function. *Henderson v. Lopez*, 790 F.2d 44, 46-47 (7th Cir.1986). To determine whether a particular task qualifies as a quasi-judicial function that is entitled to absolute immunity, a court must analyze three factors: (1) the historical basis for the immunity in question; (2) the risk that the official who performs the function will become entangled in vexatious litigation; and (3) the existence of checks upon abuses of authority by the official performing the function. *Id*. at 46, *citing Mother Goose Nursery Schools, Inc. v. Sendak*, 770 F.2d 668, 671 (7th Cir. 1985); *Mosley v. Klincar*, 711 F. Supp. 463, 467 (N.D.Ill. 1989). In plaintiff's case, his complaint is related to the quasi-judicial function of prosecuting a criminal case. Because the assistant state's attorney sought a warrant from the judge, this was an activity in the normal course of a criminal prosecution. This means the defendant assistant state's attorney has absolute immunity.

Furthermore, to the extent that plaintiff seeks release from incarceration (even though he does not explicitly request release in his prayer for relief at the end of his complaint), he can only proceed by means of a petition for habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 485(1973). The fact that the warrant was issued and later quashed does not illustrate what, if anything, was improper with the initial warrant. The court understands that plaintiff may have been offended by the invasion of his privacy that the photographs at issue necessarily would entail. However, plaintiff states in his complaint that the photographs were taken for purposes of identification because the alleged victim of his crime told the authorities that her attacker had been circumcised.

This leaves the detective, the investigator and the correctional officer who assisted with enforcement of the warrant. Plaintiff alleges that defendants Dever and Pleasant smirked and made degrading remarks to him. Courts have generally found that words alone , no matter how inappropriate, do not state a claim for relief. *DeWalt v. Carter,* 224 F. 3d 607,612 (7th Cir. 2000) (racially derogatory and sexually explicit language does not state a claim for relief); *Oltarzweski v. Ruggiero*, 830 F. 2d 136, 139 (9th Cir. 1987) (verbal harassment, while disturbing , does not rise to the level of a constitutional violation); *Patton v. Przybylski,* 822 F.2d 697, 700 (7th Cir. 1987) (racially derogatory remarks are "unprofessional and inexcusable" but do not rise to the level of a civil rights or due process deprivation); *Caudle-El v. Peters,* 727 F. Supp. 1175, 1179 (N.D. Ill. 1989) (abusive language does not amount to an actionable assault under 42 U.S.C. § 1983). Again, the court understands plaintiff's feeling of humiliation based on these allegations, but the alleged remarks, while inappropriate, do not state a claim for relief. Plaintiff also alleges that Officer Wilson threatened him with handcuffs if he did not comply. This fails to state a claim for which relief may be granted.

For all of these reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). If he wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Rule 4(a)(4), Fed.R.App.P. If he does so, he will be liable for the $455 appellate filing fee. Unless he is granted leave to proceed *in forma pauperis*, he will have to pay the fee immediately. If he cannot do so, the appeal will be dismissed, but he will remain liable for the fee and it will be deducted from his inmate trust fund account in installments. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998).